NOTE:  This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7061


ORVILLE H. SIMUNDSON,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.


Orville H. Simundson, of Cavalier, North Dakota, pro se.

Lauren S. Moore, Trial Attorney, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for respondent-appellee.  With her on the brief were Tony West, Assistant Attorney General, Jeanne E. Davidson, Director, and Steven J. Gillingham, Assistant Director. Of counsel on the brief was Tracey P. Warren, Attorney, Office of the General Counsel, United States Department of Veterans Affairs, of Washington, DC. Of counsel was David J. Barrans, Deputy Assistant General Counsel.

Appealed from:  United States Court of Appeals for Veterans Claims

Judge Robert N. Davis

NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2009-7061

ORVILLE H. SIMUNDSON,

Claimant-Appellant,

v.

ERIC K. SHINSEKI, Secretary of Veterans Affairs,

Respondent-Appellee.

Appeal from the United States Court of Appeals for Veterans Claims in 07-0037, Judge Robert N. Davis.

_____

DECIDED: August 6, 2009

_____

Before MICHEL, <u>Chief Judge</u>, LOURIE, <u>Circuit Judge</u>, and CLARK,<sup>*</sup> <u>District Judge</u>.

PER CURIAM.

Orville H. Simundson appeals from the decision of the United States Court of Appeals for Veterans Claims ("Veterans Court") affirming the decision of the Board of Veterans' Appeals ("Board") denying Mr. Simundson's service-connection claims for left hip arthritis, lumbar spine arthritis and right eye blindness. <u>Simundson v. Peake</u>, No. 07-0037 (Vet. App. Dec. 31, 2008). Because Mr. Simundson only seeks review of the Veterans Court's factual determinations, we <u>dismiss</u> for lack of jurisdiction.

---

<sup>*</sup> Honorable Ron Clark, District Judge, United States District Court for the Eastern District of Texas, sitting by designation.

## I.    BACKGROUND

Mr. Simundson served on active duty in the United States Army from October 1965 to October 1967.  His August 1965 enlistment examination revealed no abnormalities.  An October 1965 vision test showed a 20/25 distant vision in his right eye.  His September 1967 separation examination similarly showed no abnormalities, including a 20/20 distant vision in his right eye.

On August 4, 1989, Mr. Simundson sought treatment for lower back pain.  The record indicated that on that day, "[h]e was climbing out of a grain truck . . . when he slipped and fell to the ground landing on his back."  An X-ray evaluation showed no fracture but the doctor noted that Mr. Simundson had "what appear[ed] to be a Schmorl's node on L5 and . . . an abscess of the Lordotic curve."

In December 1999, Mr. Simundson visited an optometrist who "gave him a clear bill of health regarding his eyes."  According to the treatment record, Mr. Simundson complained that he had "occasional dizziness with blurred vision."   The problem appeared to be resolved once he began wearing glasses.

On December 18, 2000, Mr. Simundson sought medical help because starting two days before, "he was having difficulty seeing out of his right eye."  An optometrist diagnosed Mr. Simundson as having a central vein occlusion at the right eye.  An ultrasound of his right eye, however, appeared normal.  An ophthalmologist diagnosed Mr. Simundson with "a very florid exudative retinal vasculitis of the right eye."  A VAMC outpatient medical record dated March 19, 2002 confirmed this diagnosis.

In June 2003, Mr. Simundson sought treatment for "generalized ache [that] started in his left hip and went up into his left flank."  X-rays revealed a significant

amount of arthritic changes in his spine and mild arthritic change in the left hip "but nothing severe."

In February 2004, Mr. Simundson filed a claim of service connection for his eye disabilities and for arthritis. In his claim, Mr. Simundson stated that he "received a powder or muzzle flash in [his] eye while in Vietnam." He recalled having 20/20 vision in both eyes when drafted but having 20/20 vision in one eye and "poorer" vision in the other when discharged. Mr. Simundson also stated: "I suspect my arthritis is attributed to walking guard as a dog handler in the jungle and getting soaking wet every night for several months . . . . I also may have been exposed to agent orange."

In March 2004, Mr. Simundson was provided a VA physical examination. In his report, the examiner opined that Mr. Simundson's "claim of retinal vein occlusion in the right eye [was] less than likely secondary to or related to his alleged powder or muzzle flash injury to his right eye while serving in Vietnam." In June 2004, the VA Regional Office ("RO") denied Mr. Simundson's claims because there was no medical record or evidence showing service connection. A month later, Mr. Simundson filed a notice of disagreement, essentially repeating his statements in the original claim. In October 2004, the RO issued a statement of the case. Mr. Simundson appealed to the Board.

Mr. Simundson was afforded another VA examination in December 2004. The examiner, an optometrist, again concluded that it was "less than likely that powder in the eye or exposure to muzzle flash would result in" Mr. Simundson's ocular condition. In September 2006, the Board concluded that none of the injuries were incurred or aggravated by the service. Thus, the Board denied Mr. Simundson's claims of service connection for right eye blindness, left hip and lumbar spine arthritis.

The Veterans Court affirmed. It concluded that the Board's error in failing to explain why VA provided no examination for the arthritis claims was harmless because the evidence did not trigger VA's duty to provide such examination. The Veterans Court disagreed with Mr. Simundson's argument that his discharge examination report was a piece of "potentially positive evidence." Instead, it found no error in the Board's reading of the discharge examination report, i.e., Mr. Simundson's vision was 20/20 in the right eye at discharge. Mr. Simundson appealed.

## II. DISCUSSION

Under 38 U.S.C. § 7292 our review of the Veterans Court's decision is extremely limited. We decide "all relevant questions of law, including interpreting constitutional and statutory provisions." 38 U.S.C. § 7292(d)(1). However, unless the appeal presents a constitutional issue, we may not review challenges to factual determinations or "to a law or regulation as applied to the facts of a particular case." Id. at § 7292(d)(2).

This appeal involves neither constitutional issues nor the validity or interpretation of any statute or regulation. Instead, in his informal brief, Mr. Simundson disagrees with the Veterans Court's analysis of the facts in his case. For example, Mr. Simundson complains that "[t]hey left out evidence that was in my favor." However, he does not identify any evidence that is in his favor. Both the Board and the Veterans Court considered not only all medical evidence in the record but also Mr. Simundson's lay statements. Mr. Simundson also alleges that the VA has not sent him a copy of his original medical record. However, we observe that the record contains Mr. Simundson's medical records, including his military medical records. In addition, when the VA transmitted the record upon Mr. Simundson's appeal to the Veteran Court, it clearly

stated that there were "no unresolved disputes between the parties concerning the contents of the record."

In any event, Mr. Simundson's arguments all involve factual matters which we do not have jurisdiction to consider. Accordingly, this appeal is dismissed for lack of jurisdiction.

No costs.